UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| WILLIAM E. KELLY #110375 | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:06-CV-194 |
| | ) | |
| WAYNE ANDERSON, Sheriff; BRENDA HENSLEY, Jail Adm'r; and PENNY TESTER, Medical Adm'r | ) ) ) | |

**MEMORANDUM and ORDER**

Proceeding *pro se*, William E. Kelly, a state inmate confined in a West Tennessee prison, brings this civil rights complaint for injunctive relief and damages under 42 U.S.C. § 1983 against two officials and one employee at the Sullivan County Detention Center (SCDC), where he was formerly incarcerated. Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).

The custodian of plaintiff's inmate trust account at Hardeman County Correctional Facility [HCCF] where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in his account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall

submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at HCCF and to George Little, Commissioner of the Tennessee Department of Correction, to ensure compliance with the above fee-assessment procedures.

The Court must now screen the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The gravamen of the complaint is that plaintiff, who alleges that he has been diagnosed and treated for severe depression, paranoia, a sleep disorder, and post-traumatic stress, was denied psychological care for his mental health needs while he was in the SCDC. More specifically, plaintiff alleges that he is suffering from the stress of loss of life of a victim, divorce court, loss of a job and family, etc.; that he sleeps no more than 2-4 hours at a time; that he requested psychological assistance on

---

[1] Payments should be mailed to:   Clerk's Office, USDC
   220 West Depot Street, Ste. 200
   Greeneville, TN 37743.

June 26, 2006, but was informed by defendant Penny Tester, SCDC Medical Administrator, that she would not provide plaintiff any mental health care or medications; that he was advised, in response to a grievance he filed, that mental health services were not available at SCDC; that he spoke with defendants Sheriff Wayne Anderson and Jail Administrator Brenda Hensley and also sent them notarized letters concerning his problem; that they (impliedly) denied him mental health care; and that, as a result of the denial, plaintiff has lost weight, is weak from not eating properly; sits and cries for hours at a time; and is unable to distinguish one day from another. He asserts that the defendants, in violation of the Eighth Amendment, were deliberately indifferent to his need for psychological care.

The Eighth Amendment proscribes punishments that involve the unnecessary and wanton infliction of pain. Deliberate indifference to an inmate's serious medical needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Medically-necessary psychological treatment may amount to a serious medical need. *Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006) (listing cases); *Potter v. Davis*, 1985 WL 13129, at *2 (6th Cir. Apr. 26, 1985) ("We now recognize the constitutional right to reasonable psychiatric care....").

Because plaintiff's allegations arguably state an Eighth Amendment

claim for deliberate indifference to serious medical needs, the Clerk is **DIRECTED** to send him three service packets. (Each contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date of date on this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Defendants are **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure. Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE